Nathan D. Leonardo
LEONARDO LAW OFFICES, PLLC
2 E. Congress St., Suite 418
Tucson, Arizona 85701
Telephone: (520) 314-4125
Facsimile: (520) 314-4126
Email: Nathan@leonardolawoffices.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | Case No. 17-CR-00291-RCC-5 |
| Plaintiff, ) | |
| ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. ) | |
| Fawn Eveningstar Manuel, ) | |
| Defendant. ) | |

Defendant Fawn Eveningstar Manuel, through counsel, hereby submits the following Sentencing Memorandum, as set forth in the attached Memorandum of Points and Authorities, for the Court's consideration prior to the imposition of sentence.

RESPECTFULLY SUBMITTED this 11th day of August, 2017.

LEONARDO LAW OFFICES, PLLC

By  */s/Nathan Leonardo*
Nathan D. Leonardo
Attorney for Defendant

1

# MEMORANDUM OF POINTS AND AUTHORITIES

The following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purpose of sentencing.

## I. History and Characteristics

Fawn is 33 years old. She has six minor children who live with her, ages 4 to 15, and is currently pregnant with her seventh child. Fawn receives no child support and is currently working at the Fry Bread House earning $10 an hour.

Fawn had a difficult childhood. Her father left the home when she was three years old and she was raised by her mother, who was an alcoholic and physically abused her. Because of her tumultuous relationship with her mother, Fawn ran away from home several times as a teenager, experimented with drugs, and never graduated from high school. Fawn does have one prior conviction from five years ago, but she successfully completed probation in that case.

Fawn has had a hard time maintaining employment and supporting her children, partly due to her lack of education or marketable skills. Her participation in the instant offense, like her prior offense, was driven by financial desperation and the need to provide for her children. She was unemployed when she first became involved in this offense, but she participated less when she could find other work. Although she knew what she was doing was wrong, Fawn didn't realize that delivering food and water was tantamount to trafficking illegal drugs.

## II. Acceptance of Responsibility

Fawn has accepted responsibility for her actions this case by expeditiously accepted the government's plea offer and acknowledging her guilt to the probation officer.

### III. Offense Conduct

The PSR finds that Fawn was an average participant in this offense and, therefore, recommends no role adjustment. Fawn's role in this conspiracy, however, was simply to deliver supplies, like food and water, to various rural locations. Although she was aware that these supplies were for scouts, she had no direct involvement in the trafficking of narcotics.

Fawn now understands how serious her conduct was and does not want to minimize it, but the role of providing people with food and water seems fairly far removed from buying, selling, and transporting drugs. It seems like a significantly less important role even than that performed by the scouts to whom she provided supplies. Those scouts, who played a more integral role than she did, were less important to the conspiracy than the people who were actually transporting the drugs. The people transporting the drugs, in turn, played a less important role than the people who hired them and who were personally involved in buying and/or selling the drugs.

To say that Fawn was an average participant in this drug trafficking organization because she brought food and water to scouts is akin to saying that a janitor at the Enron Corporation, assuming he was aware of Enron's fraudulent practices, was an average participant in its fraud. Even if the court does not find a role adjustment appropriate, Fawn's limited role should be considered in mitigation when determining whether a downward variance is appropriate.

### IV. Remorse

As noted in the PSR, Fawn is remorseful for her conduct. She deeply regrets her involvement in this offense and how it may have put her children at risk. She committed this offense to support her children, without really thinking about or realizing how serious it was, but she now realizes how foolish it was. She has resolved never to engage in criminal activity again.

### V. Prospects for Rehabilitation

Fawn's prospects for rehabilitation are good. She is still a relatively young woman. She has dealt with substance abuse issues throughout her life, but has also demonstrated the self-discipline to overcome these issues for significant periods of time. She was able to stop using drugs during her pregnancies. She also remained drug-free throughout the probationary term in her prior case and performed well-enough on probation to be granted early termination. Fawn has also been drug-free and otherwise compliant with the conditions of her pretrial release in this case. Her past performance on probation and current performance on pretrial release are indicative of someone who is amenable to supervision.

Fawn hopes to continue working at the Fry Bread House while studying to earn her GED so that she can improve her prospects for future employment. The strong desire to be with her children, to raise them, and to provide for them is a strong incentive for Fawn to improve herself and avoid future criminal.

### SUMMARY

In arriving at an ultimate sentence, the sentencing judge should consider the factors identified in 18 U.S.C. § 3553 to achieve a reasonable sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553(a). *See United States v. Cantrell,* 433 F.3d 1269 (9th Cir. 2006).

The probation department has recommended a sentence of 10 months, which is the bottom of the suggested guideline range for an offense level of 12. The plea agreement provides for a sentencing range of 0 to 13 months and one day. In light the factors discussed, a sentence of 10 months is excessive. Even a sentence of probation, or time-served followed by supervised release would be sufficient, but not greater than necessary, to serve the purposes of the Sentencing Reform Act in this case.

4

Respectfully submitted this 11th day of August, 2017.

                          LEONARDO LAW OFFICES, PLLC

By   */s/Nathan Leonardo*
       Nathan D. Leonardo
       Attorney for Defendant